UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVIN D. SUTTON,

    Petitioner,

v.

CASE NO. 2:18-CV-12205
HONORABLE NANCY G. EDMUNDS

THOMAS WINN,

    Respondent.
_____/

## ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Tevin Sutton ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to murder, MICH. COMP. LAWS § 750.83, assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, two counts of felonious assault, MICH. COMP. LAWS § 750.82, possession with intent to deliver less than 50 grams of heroin, second offense, MICH. COMP. LAWS §§ 333.7401(2)(a)(iv), 333.7413(2), third-degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602(a)(3), and resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1), following a jury trial in the St. Clair County Circuit Court. He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms fo 20 to 45 years imprisonment on the assault with intent to murder conviction, 15 to 35 years on the assault with intent to do great bodily harm less than murder conviction, 10 to 40 years imprisonment on the drug conviction, 2 to 10 years imprisonment on the fleeing

and eluding conviction, and 5 to 15 years imprisonment on the felonious assault and resisting and obstruction convictions in 2015. In his current petition, he raises claims concerning an arraignment delay, the conduct of the prosecutor, the sufficiency of the evidence, double jeopardy, and his habitual offender enhancement. Respondent has not yet filed an answer to the petition or the state court record, but those materials are due on March 29, 2019.

The matter is before the Court on Petitioner's motion to hold the case in abeyance so that he may return to the state courts and exhaust additional issues concerning the scoring of the sentencing guidelines and his sentencing enhancement. For the reasons that follow, the Court denies Petitioner's motion.

## II.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims, including the claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Sutton*, No. 328692, 2017 WL 104548 (Mich. Ct. App. Jan. 10, 2017) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Sutton*, 501 Mich. 861, 900 N.W.2d 885 (Sept. 12, 2017). The Michigan Supreme Court also denied reconsideration. *People v. Sutton*, 501 Mich. 930, 903 N.W.2d 568 (Nov. 29, 2017).

Petitioner dated his federal habeas petition on July 6, 2018. He filed the instant motion on February 25, 2019.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited

3

circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims appear to be exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied reconsideration on November 29, 2017, and the time for seeking a writ of certiorari with the United States Supreme Court expired on February 27, 2018. Petitioner dated his federal habeas petition on July 6, 2018. Thus, less than five months had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than seven months of

the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, the Court cannot discern whether his new claims are plainly meritless and Petitioner fails to show good cause for failing to exhaust his additional issues in the state courts before seeking federal habeas review. While he claims that the sentencing issues are "newly-discovered," he provides no reason why he did not know, or could not have discovered, the basis for the claims at the time of his sentencing and/or direct appeal in the state courts. Given such circumstances, a stay and abeyance is unwarranted.

IV.

Accordingly, the Court **DENIES** Petitioner's motion to hold the case in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

x _Nancy Edmunds_
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated March 6, 2019