UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVIN D. SUTTON,

        Petitioner,

v.

CASE NO. 2:18-CV-12205
HONORABLE NANCY G. EDMUNDS

THOMAS WINN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION (DKT #17)

Michigan prisoner Tevin Sutton ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings. This matter is before the Court on Petitioner's motion to grant the pending motion for discovery requesting that the Court order Respondent to produce the Port Huron Police Department/St. Clair County Sheriff's Department criminal files in his case as part of the relevant state court record. The Court, however, denied the discovery motion on March 18, 2019. Respondent filed an answer to the petition and the state court record on March 28, 2019. Petitioner dated the instant motion on April 15, 2019.

To the extent that Petitioner seeks reconsideration of the Court's prior order denying his discovery motion, he is not entitled to relief. First, his motion is untimely. A motion for reconsideration must be filed within 14 days after entry of the judgment or order. Local Rule 7.1(h)(1). The Court denied the discovery motion on March 18, 2019 and Petitioner dated the instant motion on April 15, 2019 – 14 days after the established time limit. His request for reconsideration is thus untimely. Second, his request for reconsideration lacks merit. A motion for reconsideration which presents issues already ruled upon by a district

court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Additionally, to the extent that Petitioner believes that discovery is warranted or police files or other documents should be produced in response to Respondent's answer and the filing of the state court record, he is also not entitled to relief. Under the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The Court may require that the record be expanded to include additional relevant materials. Rule 7, 28 U.S.C. foll. § 2254. Furthermore, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery only upon a showing of good cause. Rule 6(a), 28 U.S.C. foll. § 2254.

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that neither discovery nor the production of police files or other documents are necessary for the disposition of this case. Petitioner has filed pleadings in support of his claims and Respondent has submitted the relevant state court record. Moreover, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner is thus precluded

from injecting information that was not presented to the state courts into the present case. Accordingly, the Court **DENIES** Petitioner's motion.

    **IT IS SO ORDERED**.

                                                                             _/s/ Nancy G. Edmunds_
                                                                    NANCY G. EDMUNDS
                                                                  UNITED STATES DISTRICT JUDGE

Dated: May 1, 2019